KIENDL v. TAUNTON et al.

(District Court, E. D. New York. June 26, 1913.)

BANKRUPTCY (§ 303*)—FRAUDULENT TRANSFER OF PROPERTY—ACTION BY TRUSTEE.

Evidence considered, and *held* to show that a bankrupt was joint owner with his wife of property which a short time prior to the bankruptcy they transferred to a corporation formed for the purpose, and that the trustee was entitled to have the transfer set aside as to his interest.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. § 303.*]

In Equity. Suit by Adolph Kiendl, trustee of Charles Taunton, bankrupt, against Charles Taunton and the Taunton Pavilion, Incorporated. Decree for complainant.

Bruce R. Duncan, of Brooklyn, N. Y., for plaintiff.
Arthur J. Westermayr, of New York City, for defendants.

CHATFIELD, District Judge. The trustee in bankruptcy has brought suit against Charles Taunton and the Taunton Pavilion, Incorporated, alleging that Charles Taunton, the individual defendant, was adjudicated bankrupt upon his own petition, on June 25, 1912; that upon the 26th of April, 1912, one of Taunton's creditors recovered a judgment against him, upon which a stay of execution for 30 days was obtained, and before this stay had expired, or on the 21st day of May, 1912, the Taunton Pavilion, Incorporated, was organized under the laws of the state of New York, by Charles Taunton and his wife, and the property of Taunton and his wife in the bathing pavilion, and its lease, good will, chattels, etc., were turned over to this corporation in exchange for the capital stock issued. This capital stock was distributed in the proportion of 46 shares to Mrs. Taunton, 1 share to Charles Taunton, 1 share to Benjamin Frank, and 3 shares to the incorporators, which shares were subsequently transferred to Mrs. Taunton. The par value of these shares was $100 each. Since that time the property has been run by Mr. Taunton, as manager, and by his wife, as cashier. No dividends have been paid, certain amounts have been paid off of the original debts assumed by the corporation or incurred after a fire which burned up a large amount of the corporation's property, and Charles Taunton and his wife have received their living expenses out of the property.

The plaintiff herein alleges that the property transferred to the corporation was owned equally by Mr. and Mrs. Taunton, and was worth

more than $6,000 at the time of the transfer, over and above all liens and charges thereon. It is alleged that this transfer was made in fraud of creditors, and that both Charles Taunton and the corporation are responsible for the effect of this fraud and must account to the creditors in bankruptcy for a one-half interest in the said property and the income therefrom. The prayer for relief is that the transfer of the property owned by Taunton be set aside and the property returned to the trustee in bankruptcy.

The answer does not deny the formation of the corporation nor the transfer of the property thereto, but does deny that Charles Taunton owned a one-half interest, denies any allegation of fraud, and both Charles Taunton and the corporation allege that the property transferred for the formation of the corporation was really that of Mrs. Taunton, and that in everything that Charles Taunton did he was her agent. The questions have been further complicated by certain allusions to a second suit brought by the creditor Helen Earl against Mrs. Taunton, alleging that she is a joint tort-feasor in the cause of action upon which the said Helen Earl recovered the judgment above mentioned, for injuries sustained at the Taunton Pavilion prior to incorporation.

It appears from the testimony that Charles Taunton was a longshoreman, and that after his marriage his wife withdrew from the bank some money with which they purchased the interest of one Simon Henry in the bathing pavilion at the location in question. It appears that $1,800 was paid therefor and that no deed was taken, but when the lease was renewed it was in the name of Charles and Amelia Taunton, and that everything connected with the obtaining of a license or the management of the business was done in the name of Charles Taunton, or as Taunton's Pavilion, and that Charles Taunton actually managed the entire property. It also appears that during the first summer after this purchase some additional money was needed, and that Taunton borrowed what he says was $300 to meet these needs. The fire in the spring of 1911 required a rebuilding of the property, which was done by means of two contracts for the hotel and bath houses, aggregating $19,000, and mortgages were placed upon the property to obtain the amount necessary to pay the building contracts, outside of the insurance money, $4,500, and some $3,000 met by the proceeds of the business during the year 1911.

This was the condition of affairs when the season of 1912 opened, just before which the judgment was recovered, and almost at the beginning of which season the corporation was formed, and the entire property has since been managed in the way specified.

It appears that, when Helen Earl brought her action for personal injuries received during the season of 1911 against Charles Taunton, he answered the complaint, alleging that he was the proprietor and personally conducting the pavilion. Upon the issue joined upon that complaint and answer trial was had, and judgment for the plaintiff resulted. Upon the present testimony Taunton appears to have been a joint tort-feasor or joint principal in the operation of the pavilion.

His interest therein was an undivided share, but was liable so far as it would go to satisfy the judgment in question.

It must be held upon the testimony that the formation of the corporation was with knowledge of all the parties as to their precise situation and as to the rights of any one who might have a claim collectible from the assets in which Taunton and his wife had these undivided shares making up the entire equity in the premises. In whatever matters Taunton acted as manager, he represented both parties. In whatever matters he performed acts in his own name, he seems to have been doing so with his wife's approval and consent, and the responsibility therefor would rest upon him and upon her, in so far as she would be bound by his acts as agent. The undivided property of both would be responsible for the debts of either, to the extent that their interest might appear. Whether the undivided share of Mrs. Taunton could be made liable for a tort in judgment against Charles Taunton, as nominal sole owner, is a question not raised in this action.

The formation of the corporation disclosed an apparent equity of $5,000, covering paid-up capital stock of that amount, and the testimony, as has been said, indicates that this property was worth to Taunton and his wife some $6,000 over and above their debts at that time. This property was subject to various mortgages and liens still unpaid, and upon the testimony Taunton would seem to have received at least an equal interest with his wife in the profit or accumulation which has been made.

The only guide we have as to the amount of money involved, inasmuch as there was no partnership agreement or no acknowledgment of debt between the parties, and inasmuch as the testimony as to the business in no way justifies the claim that Mrs. Taunton was the sole owner, is that $2,100 in cash was paid in by Taunton and his wife. This would be first taken into account between the owners in estimating their respective shares, as the business has always been run at an apparent profit, and no loss occurred which entirely wiped out the possibility of repayment of the original investment before the Earl judgment.

The fire seems to have caused complete destruction of the old buildings, but the insurance carried was sufficient to more than make up the amount of this original capital of $2,100. Before dividing between Taunton and his wife the property transferred to the corporation, the sum of $2,100 would have had to be subtracted over and above the record liens, and $300 of this would be available for Mr. Taunton's creditors.

But no such division was made. The property as a whole was held jointly or in common by Mr. and Mrs. Taunton. If their title was such that the lien of the Earl judgment against Taunton alone attached to all the property, the trustee in bankruptcy, upon showing that the corporation was formed for the purpose of taking over this property and keeping it out of the hands of creditors, would be entitled to a decree that the entire assets of the corporation should be

transferred by the corporation to the trustee in bankruptcy, over and above the liens which must be considered as valid thereupon.

But the trustee and the creditors do not claim that the proof justifies a finding that Taunton was sole owner, or that a judgment against him attached to his wife's share. Mrs. Taunton, in addition to the $1,800 contributed by her, seems to have had an equal interest with her husband in the property itself, and her transfer to the corporation is not attacked. The judgment is a valid lien against the interest of Charles Taunton, and is superior to the claim of Mrs. Taunton against him for contribution or repayment of her advance to the firm.

The suit for injury sustained through the operation of the premises was brought against the person ostensibly the owner. This person, Mr. Taunton, defended the action, not as an owner in common, or as an agent, but as the proprietor, or at least as if having joint title to the entire business. There is ground for holding that the creditors' claim, to which the trustee in bankruptcy has succeeded, and subject to which the stockholders' shares were issued and are held, could be satisfied out of the entire property which was conveyed to defeat those creditors' rights; but this would involve an action or proceeding to which Mrs. Taunton would be a necessary party. Mrs. Taunton would also be entitled to defend her claim to one-half of the stock and to any share in the property of the corporation which she might be able to prove. But her stock is subject to the rights and obligations of the corporation, and she is not a necessary party to an action against the corporation with respect to the transfer of property to it, even if the property be a one-half interest in a business in which, in the absence of agreement, she is an equal partner or owner.

The claim by Charles Taunton that his wife had the whole interest in the property at the time of the formation of the corporation, and his attempt to convey to her that interest and to prevent the judgment creditor from making a levy by giving to his wife any claim which he may have had against the property, is absolutely unfounded and must be ignored. If the one-half interest which must be transferred to the trustee in bankruptcy, or declared held by the corporation for the benefit of the bankrupt estate, proves to be more than sufficient to pay the debts of Charles Taunton, then Mrs. Taunton's claim for one-half of the $2,100, less the $300 paid by her husband, or for $750, would seem to be enforceable as against the property of her husband's estate. But the transfer of his interest was in fraud of creditors and must be set aside.

The plaintiff may have a decree.